Mathew K. Higbee, Esq., SBN #24076924
mhigbee@higbeeassociates.com
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| STEVEN HIRSCH,<br><br>                      Plaintiff,<br><br>v.<br><br>DOUGLAS WILLIAM OWEN; OWEN MEDIA GROUP LLC; and DOES 1 through 10 inclusive,<br><br>                      Defendant. | Case No. 1:19-cv-1037<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Steven Hirsch, for his Complaint against Douglas William Owen and Owen Media Group LLC, Defendants, alleges as follows:

### INTRODUCTION

1.      Steven Hirsch (hereinafter "Plaintiff" or "Hirsch"), by counsel, brings this action to challenge the actions of Douglas William Owen and Owen Media Group LLC (hereinafter "Defendants"), with regard to the unlawful use of copyrighted image (hereinafter "Image") owned by Plaintiff, and this conduct

caused Plaintiff damages.

2.      For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

3.      This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the defendant violated plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A.

4.      This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5.      This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in the State of Texas, Defendant is a business entity incorporated in the State of Texas, Defendant's acts of infringement complained of herein occurred in the State of Texas, and Defendant has caused injury to Plaintiff in his intellectual property within the State of Texas.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this judicial district and a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is

also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides, committed the acts of infringement, and has a regular and established place of business in this judicial district.

## PARTIES

7.     Plaintiff Steven Hirschh ("Plaintiff" or "Hirsch") is a professional photographer by trade residing in the City of New York in the State of New York.

8.     Plaintiff is a "copyright owner" who holds "exclusive rights" to his "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101, 106, and 106A.

9.     Plaintiff is informed and believes, and thereon alleges, that Defendant is a business entity operating from the City of Round Rock, in the State of Texas, and has conducted business within the City of Round Rock, in the State of Texas at: 1007 Green Valley, Round Rock, TX 78664.   *See* www.blacklistednews.com for Defendant's contact information.   A true and correct copy of the proof of ownership documents is attached hereto as Exhibit A

10.    Plaintiff is informed and believes, and thereon alleges, that Defendant is a business entity that unlawfully published Plaintiff's copyrighted works without Plaintiff's express or implied authority, by the method of a license.

11.    Defendant Douglas William Owen is an individual with a principal place of business in Round Rock, Texas.

12.    Defendant Owen Media Group LLC is a Texas limited liability

3

company with a principal place of business in Round Rock, Texas.

13.    Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendants" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

14.    Plaintiff Steven Hirsch is a professional photographer by trade based in New York's East Village.  Hirsch's work has appeared in numerous publications including The New York Times, The Wall Street Journal, The Paris Review, New York Review of Books, Paris Match, Time, Wired, Vice, Print, The Huffington Post, The Atlantic, Stern, 48 Hours, Dateline, Inside Edition, and Good Morning America.  He has taught at the International Center of Photography, The New School, Parsons School of Design, The School of Visual Arts, New York University, and Pratt Institute.

15.    Plaintiff is the sole author and exclusive rights holder to a photograph

4

of a man in court (the "Image").  A true and correct copy of the original Image is attached hereto as Exhibit B.

16.     Plaintiff has registered the Image with the United States Copyright Office under registration number VA 2-109-219.

17.     The Image originally appeared in an article by the New York Post (the "Post") on June 12, 2018, titled *Trio of crooks busted in $1.8M cryptocurrency heist* (the "Post Article").  A true and correct copy of the Post Article is attached hereto as Exhibit C.

18.     The Post Article included a credit below the bottom left corner attributing the Image to Hirsch.  *See* Exhibit C.

19.     On or about December 6, 2018, Hirsch discovered that Defendant had used the Image in an article on its Website titled *Cryptocurrency Millionaire Kidnapped by Biker Gang, Robbed at Gunpoint for $1.8M* (the "Infringing Article"), excluding the credit given to Hirsch.  True and correct screenshots of the Infringing Article are attached hereto as Exhibit D.

20.     On information and belief, Defendants made an unauthorized copy of Hirsch's Images taken from the Post Article, and uploaded them to the server for Defendant's Websites.

21.     Hirsch never authorized Defendants to use the Images in any manner.

22.     On information and belief, Defendants knew that it did not have

permission to use the Images on Defendants' Website and willfully infringed Hirsch's Images.

23.    On information and belief, Defendants willfully removed Hirsch's photo attribution because Defendants knew it did not have permission to use the Images on Defendants' Website.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### Title 17 of the United States Code

24.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

26.    Plaintiff is informed and believes and thereon alleges that said Defendants willfully infringed upon Plaintiff's copyrighted work in violation of Title 17 of the U.S. Code, in that it published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

27.    As a result of each and every Defendants' violation of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each

infringement pursuant to 17 U.S.C. § 504(c).

28.     As a result of the Defendants' violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

29.     Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502

**SECOND CAUSE OF ACTION**
**FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT**
**MANAGEMENT INFORMATION**
**17 U.S.C. § 1202**

30.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     On information and belief, Defendants knew that Plaintiff created the Images because, *inter alia*, the source of the Images, i.e. the Post Article, specifically attributed the Image to Plaintiff.

32.     Defendants intentionally falsified copyright management information related to the Images with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendants purposefully failed to credit Plaintiff in order to mislead the public into believing that Defendants either owned the Images or had legitimately licensed it for use in the Infringing Article.

33.     Defendants' conduct constitutes a violation of 17 U.S.C. § 1202(a),

and 1202(b).

34.    Defendants' falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

35.    Defendants' falsification of said copyright management information was done by Defendants intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in the Image. Defendants also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in the Image.

36.    Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendants in an amount to be proven.

37.    In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from Defendants for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants

- For statutory damages against Defendants in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- For statutory damages against Defendants pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202;

- For general and special damages against Defendants according to proof together with interest thereon at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

Dated: October 23, 2019                         Respectfully submitted,


                                                /s/ Mathew K. Higbee, Esq.
                                                Mathew K. Higbee, Esq.
                                                Texas Bar No. 24076924
                                                HIGBEE & ASSOCIATES
                                                1504 Brookhollow Dr., Ste 112
                                                Santa Ana, CA 92705-5418
                                                (714) 617-8350
                                                (714) 597-6729 facsimile
                                                *Counsel for Plaintiff*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Steven Hirsch, hereby demands a trial by jury in the above matter.

Dated: October 23, 2019                    Respectfully submitted,


<u>/s/ Mathew K. Higbee, Esq.</u>
Mathew K. Higbee, Esq.
Texas Bar No. 24076924
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*