Mathew K. Higbee, Esq., SBN #24076924
mhigbee@higbeeassociates.com
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| STEVEN HIRSCH, <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS WILLIAM OWEN; OWEN MEDIA GROUP LLC; and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No. 1:19-cv-01037-RP <br><br> **MOTION TO STRIKE DEFENDANT'S ANSWER** |

## MOTION TO STRIKE DEFENDANT'S ANSWER

Pursuant to Federal Rule of Civil Procedure 12(f) and 28 U.S.C. § 1654, Plaintiff Steven Hirsch ("Plaintiff" or "Hirsch") by and through his undersigned counsel moves to strike Defendants Douglas William Owen ("Owen") and Owen Media Group LLC ("OMG LLC") (collectively "Defendants") Answer on the grounds that the affirmative defenses raised therein are insufficiently pled and

1

Defendant OMG LLC as a corporation must be represented by counsel. The parties conferred between November 10, 2019 and November 20, 2019, but were unable to reach a consensus about the matter.

## I. INTRODUCTION

Plaintiff Steven Hirsch is a professional photographer by trade whose work has appeared in a number of prominent publications. (Doc. No. 1 at ¶ 14.) Plaintiff is the sole author and exclusive rights holder to a photograph of a man in court (the "Image"). (*Id.* at ¶ 15.) The Image was registered with the United States Copyright Office under registration number VA 2-109-219. (*Id.* at ¶ 16.) The Image was originally published in an article by the New York Post on June 12, 2018, with credit given to Hirsch. (*Id.* at ¶ 17.) On or about December 6, 2018, Plaintiff discovered that Defendant had used the Image in an article on his website, [www.blacklistednews.com](www.blacklistednews.com), without a license and without any prior authorization. (*Id.* at ¶ 19.) On or about October 23, 2019, Plaintiff commenced this action by filing a complaint for copyright infringement under 17 U.S.C. § 101, *et seq.*, and removal of copyright management information pursuant to 17 U.S.C. § 1202. (Doc. No. 1.) Defendants were served on or about October 31, 2019. (Doc. No. 7.) Defendant filed his Answer on or about November 4, 2019. (Doc. No. 8.) The parties have been in contact with one another in an effort to resolve this matter. The Defendants are aware of Plaintiff's contentions with respect to the affirmative

defenses raised, but still believe they are entitled to safe harbor protection. The parties have been unable to come to an agreement; therefore, Plaintiff moves to strike Defendants' Answer as it is both factually and legally insufficient. Plaintiff also moves to strike on the grounds that Defendant Owen Media Group LLC must be represented by counsel because it is a corporation.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Federal Rule of Civil Procedure 8(c) requires a defendant to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir.2008); *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir.1999). "Fair notice" is satisfied if the defense is "sufficiently articulated ... so that the plaintiff is not a victim of unfair surprise." *See Woodfield* at 362.

Rule 12(f)'s purpose is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527. Rule 12(f) is also designed to "reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

§ 1380 (3d. ed. 2014). Although not generally favored, motions to strike should nonetheless be granted if the asserted defenses are insufficient as a matter of law, will confuse the issues in the case, or will otherwise prejudice the moving party. *See, e.g., Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057–61 (5th Cir. 1982); *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001); *Rodriguez v. Physician Lab. Servs., LLC,* No. 7:13-cv-622, 2014 WL 847126, at *2–3 (S.D. Tex. Mar. 4, 2014); *Rice v. Reliastar Life Ins. Co.*, No. 11-cv-44-BAJ-M2, 2011 WL 1168520, at *2–4 (M.D. La. Mar. 29, 2011). *See generally 5C Wright & Miller, supra*, § 1381.

A defense is insufficient under Rule 12(f) when, assuming the truth of all facts alleged, the defense remains facially invalid as a matter of law. *Kaiser Aluminum*, 677 F.2d at 1057; *see also EEOC v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980) ("An affirmative Case 2:13-cv-00193 Document 456 Filed in TXSD on 08/07/14 Page 2 of 10 3 defense is not valid if it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense.").

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *5C Wright & Miller, supra,* § 1382; *see also Marceaux v. Lafayette Consol. Gov't,* No. 6:12-cv-01532, 2012 WL 5197667, at *1 (W.D. La. Oct. 18, 2012); *Adm'rs of the Tulane Educ. Fund v.*

*Biomeasure, Inc.,* No. 08-cv-5096, 2011 WL 3268108, at *4 (E.D. La. July 28, 2011). Striking immaterial allegations ensures that later proceedings will focus only on claims that are actually relevant to the litigation. *See Corley v. Louisiana,* No. 06-882-SCR, 2010 WL 3259376, at *2 (M.D. La. Aug. 16, 2010).

Similarly, "'impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *5C Wright & Miller, supra*, § 1382; *see also Marceaux*, 2012 WL 5197667, at *1.

Plaintiff also moves to strike pursuant to 28 U.S.C. § 1654, which states that parties may plead and conduct their cases personally or by counsel. When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *See Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984).

**III.   ARGUMENT**

**A. Defendants' DMCA Defense Is Factually and Legally Insufficient.**

Defendants raise one potential affirmative defense, namely that they have acted in accordance with 17 U.S.C. § 512, or the Digital Millennium Copyright Act, and are therefore entitled to safe harbor protection. However, in order to receive the benefit of this defense, Defendants must comply with the statutory formalities of Safe Harbor, which includes the designation of a registered agent for receiving takedown notices. *See* 17 U.S.C. 512(c)(2).

In fact, Section 512(c)(2) "plainly specifies that a registered agent is a predicate, express condition" that must be met and that "the safe harbor will apply 'only if' in the directory of agents.'" *Perfect 10, Inc. v. Yandex, N.V.*, C 12-01521 WHA, 2013 WL 1899851, at *8 (N.D. Cal. May 7, 2013). Typically, designating a DMCA-related agent after the fact does not retroactively protect a service provider from infringing activity that occurred before the designation. *Nat'l Photo Group, LLC v. Allvoices, Inc.*, C-13-03627, JSC, 2014 WL 280391, at *4 (N.D. Cal. Jan. 24, 2014); *see also Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, C 07-03952 JW, 2010 WL 5598337, at *7 (N.D. Cal. Mar. 19, 2010) ("At a minimum, Defendants would not be able to claim the protection of the safe harbor provisions prior to designating an agent."); *see also Oppenheimer v. Allvoices, Inc.*, C 14-00499 LB 2014 WL 2604033 at *5 (N.D. Cal. June 10, 2014).

Here, Defendants have failed to allege any facts supporting that they have complied with the statutory formalities of 17 U.S.C. § 512(c) by designating a registered agent with the United States Copyright Office. Nor is any such information available for Defendants' Website through the DMCA Designated Agent Directory. Proof of compliance remains the Defendants' burden to prove, and as alleged this defense remains both factually and legally insufficient. Therefore, the Court should strike this defense.

/////

### B. Defendant OMG LLC Must Be Represented By Counsel.

Supreme Court precedent provides that "[i]t has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through local counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201 (1993) (internal citations omitted).

It is also well established in the Fifth Circuit that "a corporation can appear in a court of record only by an attorney at law." *Sw. Exp. Co. v. I.C.C.*, 670 F.2d 53, 55–56 (5th Cir. 1982) (finding that "[c]orporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally[,] and that this contention has been "consistently rejected when raised."); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) ("However, 'a corporation can appear in a court of record only by an attorney at law.'"); *Donovan*, 736 F.2d at 1005 (noting that "the 'clear' rule is 'that a corporation as a fictional legal person can only be represented by counsel.'"). This not only appears to be established federal precedent, but also a state law. *See In re Cash Media Sys., Inc.*, 326 B.R. 655, 673 (S.D. Tex. 2005) (noting that state law controls and that "Texas law does not permit a corporation to represent itself in court."). The rule applies " 'even when the person seeking to represent the corporation is its president and major stockholder.'" *United States v. Estate of Goehring*, No. 17-cv-1092-XR, 2018 WL 1530995, at *1 (W.D. Tex. Feb. 13, 2018) (quoting *In re K.M.A., Inc.*, 652 F.2d 398,

399 (5th Cir. 1981)).  The Court may, in its discretion, determine the appropriate measure to be taken when a corporation fails to hire counsel by striking its pleadings or entering default.  *Hamilton v. EnerSafe, Inc.*, No. 1:15-cv-965-DAE, 2018 WL 7822066, at *1 (W.D. Tex. Mar. 6, 2018); *Mont Vernon Fire Ins. Co. v. Obodoechina*, 1:08-cv-3258, 2009 WL 242326, at *1 (S.D. Tex. Feb. 19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel.  If after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

Here, Defendant Owen appears to answer on behalf of himself and Defendant OMG LLC.  This is improper as Defendant OMG LLC is a corporate entity, and must retain legal counsel for representation.  Plaintiff therefore requests that the Court strike Defendants' Answer and instruct that it retain counsel in this matter.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court strike Defendants' Answer as its affirmative defenses are insufficiently pled and Defendant OMG LLC cannot appear in pro per.

Dated: November 25, 2019                              Respectfully submitted,

/s/ Mathew K. Higbee, Esq.
Mathew K. Higbee, Esq.
Texas Bar No. 24076924
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*
